**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ROEL VALADEZ AND DARLETT VALADEZ** | § | |
| ***Plaintiffs*** | § | |
| **v.** | § | **CIVIL ACTION NO.** 2:15-CV-278 |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY D/B/A STATE AUTO INSURANCE COMPANIES** | § | |
| ***Defendant*** | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §1446(a) and 28 U.S.C. § 1332(a), State Auto Property and Casualty Insurance Company (hereinafter "State Auto"), submits this Notice of Removal and shows the Court as follows:

**I. Introduction**

1.1 Plaintiffs are Roel Valadez and Darlett Valadez (hereinafter "Plaintiffs"); Defendant is State Auto Property And Casualty Insurance Company, improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies (hereinafter "State Auto").

1.2 On or about April 30, 2015, Plaintiffs sued Defendant in a suit styled *Roel Valadez and Darlett Valadez v. State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies*, Cause Number 15-04-54538-CV, in the 79th Judicial District Court in Jim Wells County, Texas alleging, through various causes of action, that State Auto breached its contract of insurance with Plaintiffs, violated various provisions of the Texas Insurance Code, violated the Texas Deceptive Trade Practices Act, committed common law bad faith, engaged in unfair

insurance practices, and committed said violations of the insurance code knowingly and intentionally, and committed common law fraud.

1.3     On or about June 15, 2015, Defendant State Auto filed a General Denial, Special Denials, Affirmative Defenses, and Special Exceptions in response to Plaintiffs' Petition.

1.4     Plaintiffs are the owners of property located at 1509 Sunset Dr., Alice, Texas 78332. Plaintiffs filed a claim for hail and wind damage to said property.  Plaintiffs allege that on or about May 27, 2014, a wind and hail storm damaged Plaintiffs' property.  State Auto inspected the property, determined the replacement cost of the roof system, and drafted a check to Plaintiff. At Plaintiffs' request, State Auto reinspected the property and paid additional amounts to Plaintiffs to ensure replacement of the identical roof material.  Plaintiffs were not satisfied with the results and this suit followed.

1.5     Defendant State Auto was served by personal service on its registered agent and received notice of this suit on May 21, 2015.  Defendant State Auto files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b) and within one year of commencement of the action.

## II. Basis for Removal

2.1     Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Plaintiffs are citizens and residents of the State of Texas.  Defendant State Auto Property and Casualty Insurance Company, improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies is a citizen of Ohio, with its place of incorporation and principal place of business in Ohio.  Based upon the claims asserted by Plaintiffs and Plaintiffs' Original Petition filed in the underlying suit, it is believed, and Plaintiffs

have claimed an amount that exceeds $75,000.00, excluding interest, and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

2.2 All pleadings, process, orders, and other filings in the State Court action are attached to this notice as Exhibit "A" for all purposes herein as required by 28 U.S.C. §1446(a). Attached hereto as Exhibit "B" is a listing of all counsel of record as required by the Southern District of Texas local rule LR81. Furthermore, Exhibit "C" attached hereto is the Civil Cover Sheet.

2.3 Venue is proper in this district under 28 U.S.C. §1441(a) because the State Court where the action has been pending is located in this district.

2.4 Defendant will promptly file a copy of this Notice of Removal with the clerk of the State Court where the action has been pending.

## III. Jury Demand

3.1 Plaintiffs did demand a jury in the State Court action.

As there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, Defendant State Auto Property And Casualty Insurance Company, improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies asks the Court to remove the suit to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully submitted this 19th day of June, 2015.

/s/ Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
attorney-in-charge
State Bar No. 14207000
Federal ID No.: 16627
Naman, Howell, Smith & Lee, PLLC
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911

Telephone: 817-509-2040
Facsimile: 817-509-2060
E-mail: charles.mitchell@namanhowell.com

**ATTORNEYS FOR DEFENDANT
STATE AUTO PROPERTY AND CASUALTY
INSURANCE COMPANY IMPROPERLY NAMED AS
STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY d/b/a STATE AUTO INSURANCE
COMPANIES**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served upon counsel of record for Plaintiffs, Mr. Michael S. Carnahan, Carnahan Thomas, 1190 N. Carroll Ave. Southlake, Texas, 76092, in accordance with Federal Rules of Civil Procedure, on the 19th day of June, 2015.

/s/ Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ROEL VALADEZ** | § | |
| **AND DARLETT VALADEZ** | § | |
| | § | |
| ***Plaintiffs*** | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____________** |
| **STATE AUTOMOBILE MUTUAL** | § | |
| **INSURANCE COMPANY d/b/a STATE** | § | |
| **AUTO INSURANCE COMPANIES** | § | |
| ***Defendant*** | | |

**APPENDIX/INDEX OF STATE COURT PLEADINGS**
**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Southern District of Texas Local Rules, and particularly LR81, this shall serve as Defendant State Auto Property and Casualty Insurance Company's Appendix/Index of matters being filed herein in support of the removal. Due to an unexpected closure of the Jim Wells County Courthouse as a result of flooding, the clerk's docket sheet was unavailable at the time of the filing of the removal. Once obtained, Defendant will supplement promptly.

| | | |
|---|---|---|
| 1. | Clerk's docket sheet | |
| 2. | Plaintiffs' Original Petition with Discovery attached | 4/30/15 |
| 3. | Citation for Defendant State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies | 5/12/15 |
| 4. | Return of Service for Defendant State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies | 5/21/15 |
| 5. | Defendant State Auto Property & Casualty Insurance Company's Improperly Named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies Original Answer, Special Denials, Special Exceptions, Affirmative Defenses and Jury Demand | 6/15/15 |
| 6. | Notice of Filing Removal | 6/19/15 |

# EXHIBIT "1"

# EXHIBIT "2"

CERTIFIED

Filed 4/30/2015 10:54:05 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Sandra Garcia, Deputy

CAUSE NO. 15-04-54538-CV

| | | |
|---|---|---|
| ROEL VALADEZ AND DARLETT VALADEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES | § | 79TH JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY ATTACHED**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME ROEL AND DARLETT VALADEZ (hereinafter referred to as "Plaintiffs") complaining of Defendants STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES (hereinafter "Defendant") and hereby respectfully show unto the Court and Jury as follows:

**I. DISCOVERY CONTROL PLAN**

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**II. PARTIES**

Plaintiffs, Roel Valadez and Darlett Valadez, are individuals and residents of Jim Wells County.

Defendant, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES, is a foreign insurance company operating in the State of

Texas procuring and adjusting policies in Texas. STATE AUTO INSURANCE COMPANIES can be served through its registered agent at the following address:

518 EAST BROAD STREET
COLUMBUS OH 43215-3976

## III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Jim Wells County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas.

## IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A. Plaintiffs are the owners of insurance Policy No. HTX0042548 issued by the Defendant (hereinafter referred to as the "Policy").

B. Plaintiffs own the insured property which is specifically located at 1509 Sunset Dr., Alice, Texas 78332 (hereinafter referred to as the "Property").

C. Defendant or its agents sold the Policy, insuring the Property, to Plaintiffs.

D. On or about May 27, 2014, a wind and hail storm struck North Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

E.      Plaintiffs submitted a claim to Defendant against the Policy for roof, other damage and resulting water damage the Property sustained as a result of a wind and hail storm.  Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.      Defendant has assigned Claim Number RR-0000000-059689 to Plaintiffs' claim.

G.      Defendant hired and/or assigned an adjuster JACK RAY DICKENS to adjust the claim.

H.      Defendants, through their agent Jack Dickens, failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

I.      Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the Property.

J.      Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

K.      Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(l).

L.      Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although

they were aware of their liability to Plaintiffs under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

M.      Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

N.      Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection of the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS. CODE Section 541.060(a)(4).

O.      Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

P.      Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily

mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

Q.       Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

R.       Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

S.       From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

T.       As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

U.       Plaintiffs experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.

Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a Wind and Hailstorm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property has been damaged. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated Section 542 by failing to accept or

reject Plaintiffs' claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Deceptive Trade Practices –Consumer Protection Act ("DTPA"). Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant have violated Tex. Bus. Comm. Code, Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In addition, to these violations, Defendants engaged in unconscionable conduct as that term is defined in the DTPA.

In this respect, Defendant's violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did

not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA. As described in this petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

A. As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

B. As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

C. Defendants have breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D. Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

E.     Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair

practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing

cause of Plaintiffs' damages that are described in this petition. All of the above-described acts,

omissions, and failures of Defendant were done knowingly and intentionally as those terms are

used in the Texas Deceptive Trade Practices Act.

**D.     Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs

herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against

Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to

bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has

engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541

of the Texas Insurance Code. Such violations include, without limitation, all the conduct

described in this petition plus Defendant's unreasonable delays in the investigation, adjustment,

and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of

Plaintiffs' home on which liability had become reasonably clear. They further include

Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of

the following unfair insurance practices:

A.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance

in this case;

B.     Engaging in unfair claims settlement practices;

C.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the

coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F. Refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle

Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant is a proximate cause of Plaintiffs' damages.

**F.    Cause of Action for Fraud**

Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew was false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment

interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## IX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. WRITTEN DISCOVERY

*Plaintiffs' Request for Disclosure, Requests for Production, and Interrogatories to Defendant* are attached hereto.

## XIV. JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article I, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled to receive.

Respectfully submitted,

CARNAHAN THOMAS

By: ______________________

**Michael S. Carnahan**
TBN 03825700
mcarnahan@carnahanthomas.com

1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
(817) 424-1003 (Fax)

ATTORNEY FOR PLAINTIFFS

CAUSE NO. ____________

| | | |
|---|---|---|
| ROEL VALADEZ<br>AND DARLETT VALADEZ | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | JIM WELLS COUNTY, TEXAS |
| STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY d/b/a<br>STATE AUTO INSURANCE COMPANIES | §<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANT**

TO: Defendants, STATE AUTOMOBILE INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES by and through their respective agents for service of process along with Plaintiffs' Original Petition which is attached hereto.

COME NOW, ROEL VALADEZ AND DARLETT VALADEZ ("Plaintiffs") and, pursuant to the Texas Rules of Civil Procedure, hereby serve their Request for Disclosure, Requests for Production, and Interrogatories. Plaintiffs request that Defendant timely and properly respond to these discovery requests within 50 days of service in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

CARNAHAN THOMAS

By: ______________________

Michael S. Carnahan
TBN 03825700
mcarnahan@carnahanthomas.com

1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
(817) 424-1003 (Fax)

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiffs' Original Petition on each Defendant in accordance with the Texas Rules of Civil Procedure.

______________________
Michael S. Carnahan

DEFENDANTS' REQUEST FOR DISCLOSURE, FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES
Doc #: 188987

Page 2

## INSTRUCTIONS

1. Produce the Documents in your possession, custody, or control, as such phrase is defined in Texas Rule of Civil Procedure 192.7(b), described in the attached requests for production, at the offices of the undersigned counsel within fifty (50) days following service of the request upon you.

2. Please respond to the attached interrogatories in accordance with the requirements of Texas Rule of Civil Procedure 197 and return your responses to the offices of the undersigned counsel within fifty (50) days following service of the request upon you.

3. Please respond to the attached Request for Production in accordance with the requirements of Texas Rule of Civil Procedure 196 and return your responses to the offices of the undersigned counsel within fifty (50) days following service of the request upon you.

4. Pursuant to Rule 197.2(d), your Interrogatory answers must be verified. Pursuant to Rule 197.2(c), where appropriate, you may optionally produce records in response to the Interrogatories. Place your response to each Request and interrogatory in a separate document and restate each Request and Interrogatory followed by your response.

5. Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural, feminine, or neuter, as the context requires, and vice versa.

6. The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, or vice versa.

7. Each request is to be construed and answered or responded to separately and independently, and is not to be referenced to any other request for purposes of limitations.

8. These requests and interrogatories and your answers to them may be offered in evidence at the trial of this case.

9. Your failure to respond to these requests and interrogatories as required by the Texas Rules of Civil Procedure within the time required may result in entry of judgment against you, assessment of attorney's fees against you, or other sanctions as determined by the Court.

10. These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answers are no longer correct or complete.

11. Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the requests to which they respond.

12. These requests include request for production of electronic or magnetic data by either: (1) providing the undersigned counsel with access to the medium upon which such date is kept so that such data may be reviewed, copied and/or printed; or (2) providing the undersigned counsel with a copy of such data on disk, CD, tape or other acceptable medium in a form in which it may be reviewed, copied and/or printed.

13. The Interrogatories and Requests herein requesting information concerning legal contentions and the factual bases of such contentions are propounded pursuant to Texas Rules of Civil Procedure, Paragraph 192.3(j).

14. If you withhold any Documents from production, please identify the information and material withheld and the specific privilege asserted for each item or group of items withheld, as required by Texas Rules of Civil Procedure 193.3(b). **THIS IS A REQUEST FOR A PRIVILEGE LOG.**

**DEFINITIONS**

1. "Defendant" or "STATE AUTO" "You," "Your," and/or "Yourself" means Defendant STATE AUTOMOBILE INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES and includes that Defendant's respective agents, representatives, attorneys, and any other person or entity acting on behalf of that Defendant.

2. "Plaintiffs" mean Plaintiffs, Roel Valadez and Darlett Valadez, and their agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

3. The "Property" or "Plaintiffs' Property" means the residence(s) specifically described in Plaintiffs' Petition and which is the insured's property(ies) at issue in this Lawsuit, 1509 Sunset Dr., Alice, Texas 78332.

4. "Other Insured Claims" shall mean claims made by other insureds of Defendant or any of its affiliated companies for losses on May 26, 2014, May 27, 2014 or May 28, 2014 at properties located within a 5 mile radius of Plaintiffs' Property, as a result of a storm.

5. The "Lawsuit" means the above-styled and numbered case.

6. "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiffs and/or any Defendant.

7. The "Petition" means Plaintiffs' Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

8. The "Policy" means the policy or policies identified in Plaintiffs' petition forming the basis of this Lawsuit.

9. The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail - whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; websites or website bookmarks or website history, brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone cmilmunications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. This definition requires you to search for and produce electronic Documents.

10. The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board, committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

11. The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

12. The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquiries or otherwise, including but not limited to emails, text messages, instant messages, written Documents, facsimiles, saved computer data, and audio and video recordings.

13. "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

14. The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise. Communications includes, but is not limited to, all agreements.

15. The term "or" as used herein shall mean and include "and" or "and/or".

16. The term "all" as used herein shall mean "any" and "all".

17. The term "including" as used herein shall mean "including but not limited to".

18. The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event, transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

19. Certain other terms may be defined within the discovery requests herein.

## REQUEST FOR DISCLOSURE TO STATE AUTO

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendant STATE AUTO disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2, subparts (a) through (l).

(a) the correct names of the parties to the lawsuit.

(b) the name, address, and telephone number of any potential parties.

(c) the legal theories and, in general the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with this lawsuit.

(f) for any testifying expert:

(1) the expert's name, address, and telephone number;
(2) the subject matter on which the expert will testify;

(3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4)     if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

      (A)     all documents, tangible things, reports, models, or data-compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (B)     the expert's current resume or bibliography.

(g)     any discoverable indemnity and insuring agreements.

(h)     any discoverable settlement agreements.

(i)     any discoverable witness statements.

(j)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

(k)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)     The correct names, address, and telephone number of any person who may be designated as a responsible third party.

## REQUESTS FOR PRODUCTION TO STATE AUTO

Please produce the following documents or tangible things:

1.  A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiffs' claim(s).

2.  The entire claims investigation files generated and/or maintained by Defendant in the ordinary course of business pertaining to Plaintiffs' claim(s) making the basis of this lawsuit.

3.  Any estimates or reports prepared in connection with Plaintiffs' claims.

4.  Your entire claims file regarding Plaintiffs' Property, prior to the filing of this lawsuit.

5.  Documents sufficient to identify the full names, addresses, phone numbers, and property locations of any other claimants within a 5 mile radius of Plaintiffs' Property, who were insured by Defendant or any of its affiliated companies, and who alleged losses or damage to their property on May 26, 2014, May 27, 2014 or May 28, 2014, as a result of a storm ("Other Insured Claims" as identified in the Definitions section above.)

6.  All claim files, estimates and amounts paid by Defendant or any of its affiliated companies in connection with Other Insured Claims.

7.  Your entire claims investigation file in connection with Other Insured Claims.

8.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for property damage and storm damage coverage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

9.  All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and storm damages, including manuals or guides containing information regarding the criteria for and the process for evaluating whether coverage exists under homeowners' policies in Texas. This request is limited to the last five (5) years.

10. All non-privileged e-mails regarding the investigation, adjusting and/or handling of the claim(s) made the basis of this Lawsuit.

11. All communications and documents, including electronic, between or among any of the defendants regarding Plaintiffs, Plaintiffs' claim(s) or Plaintiffs' Property.

12.    All communications and documents, including electronic, between any of the defendants and any third party regarding Plaintiffs, Plaintiffs' claim(s) or Plaintiffs' Property.

13.    All communications and documents, including electronic, between Defendant's business departments including all persons part of the Defendant's company regarding Plaintiffs, Plaintiffs' claim(s) or Plaintiffs' Property.

14.    True and complete copy of activity logs filed by the staff and adjusters on the file regarding Plaintiffs' claims.

15.    All photographs, diagrams, drawings, or other graphic depictions of Plaintiffs and/or Plaintiffs' Property.

16.    Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit including but not limited to all estimates prepared by all claims adjusters of Defendant regarding Plaintiffs' Property and all reports prepared by all adjusters, contractors, and/or engineers hired by Defendant to inspect, test, or observe the Property.

17.    All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

18.    Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs' under their homeowner insurance policies, specifically regarding damage to the exterior and interior of Plaintiffs' property.  This request is limited to the last ten (10) years.

19.    Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendor list."

20.    Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

21.    Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list".

22.    All documents including reports, estimates, data, emails, testing, sampling, videos and photographs received by Defendant from any source regarding inspections of Plaintiffs' property.

23.  Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property.

24.  Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property.

25.  Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiffs' Property.

26.  Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiffs' Property.

27.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding charges of bad faith. This request is limited to the last five (5) years.

28.  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property and storm damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

29.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

30.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 et seq. This request is specifically limited to the last five (5) years.

31.  All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. This request is specifically limited to the last five (5) years.

32.  Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth. This request is limited to the last five (5) years.

33.  Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling,

review and/or adjusting of homeowner claims in Texas. This request is limited to the last five (5) years.

34.  A copy of each advertisement Defendant STATE AUTO has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

35.  Any and all reference materials, handouts, manuals, outlines, articles, and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and storm damage claims in Texas. This request is limited to the last five (5) years.

36.  Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims Representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjuster and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and storm damage claims in Texas. This request is limited to the last five (5) years.

37.  Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property and storm damage claims in Texas, within the last five (5) years.

38.  Any and all training manuals used by you to train your adjusters on property damage and storm damage claims. This request is limited to the last five (5) years.

39.  Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims and property damage and storm damage claims in Texas. This request is limited to the last five (5) years.

40.  Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiffs' claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiffs' property.

41.  Any and all materials, documents, files and/or reports containing list(s) of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically

related to homeowner insurance claims. This request is limited to the last five (5) years.

42.   Any and all computer programs, electronic data, documents and/or manuals used by the adjusters and claims representatives to perform property damage and storm damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s). This request is limited to the last five (5) years.

43.   Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

44.   Any and all materials, documents, files and/or reports of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

45.   Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant.

46.   Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering and/or foundation repair companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendants. This request is limited to the State of Texas. This request is limited to the last five (5) years.

47.   Any and all activity logs relating to Plaintiffs' claim(s) for property and storm damage claims, to their Property, specifically the claim(s) made the basis of this Lawsuit.

48.   Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

49.   Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

50.   Any and all records, including but not limited to correspondence, payment logs, or checks (both front and back sides, whether negotiated or not negotiated)

reflecting payment of any kind to or on behalf of Plaintiff concerning Plaintiffs' claim(s) made the basis of this suit.

51. Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

52. Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiffs' claim(s).

53. All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from Plaintiffs' Property.

54. Any and all indemnity agreement between Defendant and any other Defendant, person, entity, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

55. Any and all complaint policies and procedures of Defendant regarding the handling of complaints made by homeowner insureds. This request is limited to the last five (5) years.

56. True and complete copies of all billing records from any and all adjusters and engineers regarding the claim(s) made the basis of this Lawsuit.

57. Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

58. Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes, and requests made by adjusters. This request is limited to the last five (5) years.

59. Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage and storm damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

60. Any and all correspondence between Plaintiffs and/or Defendant and TDI regarding this claim.

61. The entire underwriter's file for underwriting the insurance policy made the basis of this Lawsuit.

62. All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department related to the insurance Policy made the basis of this lawsuit.

63. Any correspondence between Defendant STATE AUTO and any of its employees regarding target loss ratios or acceptable loss ratios and how Defendant STATE AUTO calculates loss ratios for the company and for any of its employees.

64. Any and all documents reflecting communications between STATE AUTO and any of its employees regarding bonuses or other compensation to its employees which are based in whole or in part on loss ratios for the company or its employees or the profitability of the company or its employees.

65. Any documents which reflect internal policies of Defendant STATE AUTO which reward employees with compensation or other benefits for keeping loss ratios at or below a certain level or bonuses that relate to the profitability of the company.

66. All documents which reflect how Defendant STATE AUTO's loss ratios and/or loss ratios for individual adjusters are calculated.

67. All documents reflecting Defendant STATE AUTO's target loss ratio for 2013, 2014 and 2015.

68. All storm reports or storm data from any source regarding storms within 5 miles of Plaintiffs' Property with 72 hours of May 27, 2014.

69. All documents reflecting any complaints made against Jack Dickens during the last 5 years regarding your handling of property or storm damage claims.

70. All documents reflecting any complaints made against Jack Dickens during the last 5 years regarding your handling of property or storm damage claims.

71. All documents reflecting any complaints made against Jack Dickens during the last 5 years regarding your handling of property or storm damage claims.

72. Any reviews of Jack Dickens and his claims handling practices for the last 5 years.

73. Any correspondence between Dickens and his employer regarding what his employer considers to be target loss ratios or acceptable loss ratios and how Dickens's loss ratios on claims he has handled are calculated.

74. Any and all documents reflecting communications between Jack Dickens and his employer regarding bonuses or other compensation to Dickens which is based in whole or in part on loss ratios for Dickens.

75.    Any and all documents reflecting communications between Jack Dickens and his employer regarding bonuses or other compensation to Dickens which is based in whole or in part on loss ratios for Dickens.

76.    Any documents which reflect internal policies of Defendant STATE AUTO which encourage employees to keep loss ratios at or below a certain level.

77.    Any documents which reflect internal policies of Defendant STATE AUTO which encourage employees to keep loss ratios at or below a certain level.

78.    Any documents which reflect internal policies of Defendant STATE AUTO which reward employees with compensation or other benefits for keeping loss ratios at or below a certain level.

## INTERROGATORIES

1. State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

2. If you contend that any conditions precedent to Plaintiffs' recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contention.

3. List the date(s) Defendant received Plaintiffs' notice of claim(s) for coverage for property damages and the date(s) Defendant first acknowledged Plaintiffs' notice of claim(s) and in what form the notice of claim was submitted.

4. List the full names, addresses, telephone number, and property address for any other claimants within a 5 mile radius of Plaintiffs' Property, who were insured by Defendant or any of its affiliated companies, and who alleged losses or damage to their property on May 26, 2014, May 27, 2014 or May 28, 2014.

5. State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiffs' claim(s). For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

6. Please state the date that you anticipated litigation in connection with Plaintiffs' claim and set forth each and every reason that supports your position that litigation was anticipated on that date.

7. State every basis, in fact and in the terms of Plaintiffs' Policy, for Defendant's denial and/or partial denial of Plaintiffs' claim(s) under the Policy.

8. State every basis, in fact and in the terms of Plaintiffs' Policies, for Defendant's failure to pay the full amount of damages claimed by Plaintiff under the Policy.

9. State every basis, in fact and in the terms of Plaintiffs' Policy, for the amount of money Defendant has either paid or offered to pay, if any, for Plaintiffs' claim(s) under the Policy.

10. State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060 et.seq or violations of Texas Insurance Code §542.055 et seq. in the handling of first party claims for property damage and storm damage coverage under homeowners' insurance policies.

11. Identify by name, address, and telephone number, all persons or entities, agency or agents, underwriters, and brokers that were in any way involved with issuing Plaintiffs' Policy.

12. Identify the insurer who issued Plaintiffs' policy of insurance on Plaintiffs' Property which was in place on or about May 27, 2014.

STATE OF TEXAS
COUNTY OF JIM WELLS

I, R. David Guerrero District Clerk of Jim Wells County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, filed on April 30, 2015 as appears on file in my office.

Witness my official hand and seal of office, this May 12, 2015.

R. DAVID GUERRERO, District Clerk
Jim Wells County, Texas

By: Juana Ramirez Deputy

# EXHIBIT "3"

## CITATION – Personal Service

THE STATE OF TEXAS | COUNTY OF JIM WELLS

CAUSE NO. 15-04-54538-CV

TO: STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES, 518 EAST BROAD STREET, COLUMBUS, OH 43215-3976

(or wherever he/she may be found) Notice to DEFENDANT : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 15-04-54538-CV |
| Date of Filing: | APRIL 30, 2015 |
| Document: | PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED |
| Parties in Suit: | ROEL VALADEZ AND DARLETT VALADEZ<br>V.<br>STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | MICHAEL S. CARNAHAN,ATTORNEY, 1190 NORTH CARROLL AVENUE, SOUTHLAKE, TX. 76092 |

Issued under my hand and seal of this said court on this the 12 day of MAY, 20 15.

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY: Juana P. Ramirez Deputy

### Service Return

Came to hand on the _______ day of _______________, 20___, at _______m., and executed on the _______ day of _______________, 20___, at _______ M by delivering to the within named _______________________________ in person a true copy of this citation, with attached copy(ies) of the _______________________________ at _______________________________

[ ] Not executed. The diligence use in finding DEFENDANT being _______________________________

[ ] Information received as to the whereabouts of DEFENDANT being _______________________________

| Service Fee: $ | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _______________________________ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.

Subscribed and sworn to before me on this the ________ day of _______________, 20__.

_______________________________Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

# EXHIBIT "D"

# EXHIBIT "4"

## CITATION – Personal Service

THE STATE OF TEXAS — COUNTY OF JIM WELLS

CAUSE NO. 15-04-54538-CV

TO: STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES, 518 EAST BROAD STREET, COLUMBUS, OH 43215-3976

(or wherever he/she may be found) Notice to DEFENDANT : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
| Cause No.: | 15-04-54538-CV |
| Date of Filing: | APRIL 30, 2015 |
| Document: | PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED |
| Parties in Suit: | ROEL VALADEZ AND DARLETT VALADEZ V. STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | MICHAEL S. CARNAHAN,ATTORNEY, 1190 NORTH CARROLL AVENUE, SOUTHLAKE, TX. 76092 |

Issued under my hand and seal of this said court on this the 12 day of MAY, 20 15.

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY: Juana P. Ramirez, Deputy

### Service Return

Came to hand on the ______ day of ______________, 20____, at ______m., and executed on the ______ day of ________________, 20___, at ______ M by delivering to the within named ______________________ ______________________ in person a true copy of this citation, with attached copy(ies) of the ______________________________________________ at

[ ] Not executed. The diligence use in finding DEFENDANT being ______________________

[ ] Information received as to the whereabouts of DEFENDANT being ______________________

| | |
|---|---|
| Service Fee: $ | Sheriff/Constable |
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared ______________________ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.

Subscribed and sworn to before me on this the ______ day of ______________, 20__.

______________________ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

R. DAVID GUERRERO
District Clerk, Jim Wells County
P.O. Drawer 2219
Alice, Texas 78333

CERTIFIED MAIL

7013 1710 0000 5860 8555

UNITED STATES POSTAL SERVICE

1000

U.S. POSTAGE PAID
ALICE,TX
78332
MAY 12, 15
AMOUNT
$0.00

JIM WELLS COUNTY
FOR OFFICIAL USE ONLY

UNITED STATES POSTAGE

02 1M
0008004136
MAILED FROM ZIP

E. Hanson

S

CLAIMS PROCESSING

CORPORATE

084060 OFFICE SERVICES
MAY 21 2015
CHQ-P-4

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANIES
518 EAST BROAD STRRET
COLUMBUS, OH 43215-3976

# EXHIBIT "5"

Filed 6/15/2015 8:00:00 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Sandra Garcia, Deputy

CAUSE NO. 15-04-54538-CV

| | | |
|---|---|---|
| ROEL VALADEZ AND DARLETT VALADEZ | § | IN THE DISTRICT COURT |
| v. | § | |
| | § | 79TH JUDICIAL DISTRICT |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES | § | |
| | § | JIM WELLS COUNTY, TEXAS |

**DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY's IMPROPERLY NAMED AS STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES ORIGINAL ANSWER, SPECIAL DENIALS, SPECIAL EXCEPTIONS, AFFIRMATIVE DEFENSES AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** State Auto Property & Casualty Insurance Company's improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies, Defendant, hereinafter referred to as "State Auto" or as Defendant, filing this its Original Answer, Special Denials, Special Exceptions, Affirmative Defenses and Jury Demand in response to the allegations contained in Plaintiff's Original Petition, alleges and at the trial hereof will show as follows:

## I.
## GENERAL DENIAL

1. Defendant State Auto generally denies each and every, all in singular, the allegations contained in the Plaintiff's Original Petition and any subsequent pleadings and demands strict proof thereof as required by law.

## II.
## SPECIAL DENIALS

2. Defendant State Auto specially denies that Plaintiff has complied with all conditions precedent for the bringing of this action as contained in the policy of insurance sued and as

{03425372.DOCX / }**DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S improperly named as STATE AUTOMOBILE MUTUAL INSURANCE COMPANY D/B/A STATE AUTO INSURANCE COMPANIES ORIGINAL ANSWER, SPECIAL DENIALS, SPECIAL EXCEPTIONS, AFFIRMATIVE DEFENSES AND JURY DEMAND** **Page 1 of 8**

contained in the Texas Insurance Code.

3. Defendant State Auto specially denies that it has failed to act in compliance with the Texas Insurance Code with regard to Plaintiffs' claim. Defendant contends and alleges that it has acted in compliance with the Texas Insurance Code with regard to Plaintiff's claim.

4. Defendant State Auto specially denies that it was provided with proper notice under the Texas Insurance Code and/or the Texas Civil Practice and Remedies Code §38.002.

5. Defendant State Auto specially denies that liability was reasonably clear as it relates to Plaintiff's claim.

6. Defendant State Auto specifically denies that it has waived any of the the terms, conditions or provisions contained in the policy of insurance.

## III.
## AFFIRMATIVE DEFENSES

7. Defendant State Auto further states by way of affirmative defense, if such be necessary, Defendant is not liable to Plaintiff as Plaintiff's alleged damages are not covered by the policy, are excluded from coverage, and the damage for any covered loss suffered has been paid in accordance with the policy provisions.

8. Defendant State Auto further states by way of affirmative defense, if such be necessary, the terms and conditions of the Policy.

9. Defendant State Auto further states by way of affirmative defense, if such be necessary, that Defendant State Auto is not liable as it has acted in compliance with the Texas Insurance Code with regard to Plaintiff's claim.

10. Defendant State Auto further states by way of affirmative defense, if such be necessary, that Defendant State Auto did not knowingly, recklessly, or intentionally violate the Texas Insurance Code.

11.     Defendant State Auto further states by way of affirmative defense, if such be necessary, that Defendant is not liable to Plaintiff as Defendant had a reasonable basis for its actions with regard to Plaintiff's claim.

12.     Defendant State Auto further states by way of affirmative defense, if such be necessary, that Defendant is not liable to Plaintiff as liability was not and is not reasonably clear with regard to Plaintiff's claim.

13.     Defendant State Auto further states by way of affirmative defense, if such be necessary, that Defendant conducted a reasonable investigation as required by the insurance code.

14.     Defendant State Auto further states by way of affirmative defense, if such be necessary, that punitive damages, if any, be subject to the caps and limits as set forth in the Texas Civil Practice and Remedies Code Chapter 41, other statutory authority, and common law.  Further, unless Plaintiff proves Defendant's liability for punitive damages by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the 14th Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.  Furthermore, any damages found under the Texas Insurance Code are capped at no more than three times the amount of economic damages.

15.     Defendant further states by way of affirmative defense, if such be necessary, that Plaintiffs have been paid in excess of $33,000.00.  Defendant State Auto is entitled to a credit/offset for same, and any jury award should be reduced by this amount.  Additionally, the affirmative defense of payment should apply to the damages alleged by Plaintiff, specifically, Plaintiff have been paid for the damages sought in the instant case.

16.     Defendant State Auto further alleges, if such be necessary, that the Policy provides for a deductible and that any claim made by Plaintiffs is subject to said deductible which defendant

requests be applied to any award herein..

## IV.
## SPECIAL EXCEPTIONS

17. Defendant State Auto specially excepts to the "Cause of Action for Violation of Secriopn 542" starting on page six and ending on page seven of the Plaintiff's Original Petition as follows:

> Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and f01ms that it reasonably believed at that time would be required from reject Plaintiffs' claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.
> [Plaintiff's Original Petition 3.]

18. Defendant State Auto specially excepts to this portion of Plaintiff's Original Petition because said allegations are vague, indefinite and do not specifically set forth the factual allegations upon which Plaintiff is relying to support this cause of action. For these reasons, Defendant State Auto is not apprised of what proof it will be required to meet under that allegation; therefore, it cannot properly prepare its defenses to those allegations. Said allegations should be stricken.

19. Further, State Auto specially excepts the "DTPA Cause of Action" found on pages seven and eight of the Original Petition as follows:

> Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Deceptive Trade Practices -Consumer Protection Act ("DTPA"). Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTP A. Plaintiffs have met all conditions precedent to· bringing this cause of action against Defendant. Specifically, Defendant violations of the DTP A include, without limitation, the following matters:
>
> By its acts, omissions, failures, and conduct that are described in this petition, Defendant have violated Tex. Bus. Comm. Code, Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTP A. In addition, to these violations, Defendants engaged in unconscionable conduct as that term is defined in the DTP A.

In this respect, Defendant's violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

[Plaintiff's Original Petition]

20.     Defendant State Auto specially excepts to this portion of Plaintiff's Original Petition because said allegations are vague, indefinite and do not specifically set forth the factual allegations upon which Plaintiff is relying to support this cause of action. For these reasons, Defendant State Auto is not apprised of what proof it will be required to meet under that allegation; therefore, it cannot properly prepare its defenses to those allegations. Said allegations should be stricken.

21.     Defendant State Auto specially excepts to the "Cause of Action for Unfair Insurance Practices" section found on pages 9 and 10 of Plaintiffs' Original Petition as follows:

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct; Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:
A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
B. Engaging in unfair claims settlement practices;
C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably

clear that the claim was covered.

[Plaintiff's Original Petition]

22.     Defendant State Auto specially excepts to this portion of Plaintiff's Original Petition because said allegations are vague, indefinite and do not specifically set forth the factual allegations upon which Plaintiff is relying to support this cause of action.  For these reasons, Defendant State Auto is not apprised of what proof it will be required to meet under that allegation; therefore, it cannot properly prepare its defenses to those allegations.  Said allegations should be stricken.

23.     Defendant State Auto specifically excepts to the "Cause of Action for Fraud" section found on page 11 of Plaintiffs' Original Petition as follows:

> Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew was false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

[Plaintiff's Original Petition]

24.     Defendant State Auto specially excepts to this portion of Plaintiff's Original Petition because said allegations are vague, indefinite and do not specifically set forth the factual allegations upon which Plaintiff is relying to support this cause of action.  For these reasons, Defendant State Auto is not apprised of what proof it will be required to meet under that allegation; therefore, it cannot properly prepare its defenses to those allegations.  Said allegations should be stricken.

## V.
## JURY DEMAND

25.     Defendant State Auto demands a jury trial.

VI.
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendant State Auto Property & Casualty Insurance Company improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies respectfully prays that the Court dismiss this suit or render judgment that the Plaintiff take nothing, assess costs against the Plaintiff, and award all other and further relief, at law or in equity, to which the Defendant State Auto Property & Casualty Insurance Company improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies may show itself justly entitled.

**RESPECTFULLY SUBMITTED** on this the 12th day of June, 2015.

Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
State Bar No. 14207000
Federal ID No.: 16627
**MICHAEL SHANE O'DELL**
State Bar No. 24065835
Naman, Howell, Smith & Lee, PLLC
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: 817.509-2040
Facsimile: 817.509-2060
E-mail: charles.mitchell@namanhowell.com
E-mail: sodell@namanhowell.com

**ATTORNEYS FOR DEFENDANT STATE AUTO PROPERTY & CASULATY INSURANCE COMPANY improperly named as STATE AUTOMOBILE MUTUAL INSURANCE COMPANY D/B/A STATE AUTO INSURANCE COMPANIES**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served upon counsel of record for Plaintiffs, Michael S. Carnahan, Carnahan Thomas, 1190 North Carroll Avenue, Southlake, Texas 76092, via Certified Mail, Return Receipt Requested, in accordance with Rules 21 and 21(a) of the Texas Rules of Civil Procedure, on the 12th day of June, 2014.

Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**

# EXHIBIT "6"

**CAUSE NO. 15-04-54538-CV**

| | | |
|---|---|---|
| **ROEL VALADEZ AND DARLETT VALADEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **79 TH JUDICIAL DISTRICT** |
| | § | |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY D/B/A STATE AUTO INSURANCE COMPANIES** | § | **JIM WELLS COUNTY, TEXAS** |

**NOTICE OF FILING NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGE OF SAID COURT;

THE HONORABLE R. DAVID GUERRERO P.O. DRAWER 2219, ALICE, TEXAS 78332, JIM WELLS COUNTY DISTRICT CLERK;

ROEL VALADEZ AND DARLETT VALADEZ, PLAINTIFFS, BY AND THROUGH COUNSEL OF RECORD, MR. MICHAEL S. CARNAHAN, CARNAHAN THOMAS, 1190 N. CARROLL AVE. SOUTHLAKE, TEXAS, 76092.

Notice is hereby given to you, in accordance with the provisions of 28 U.S.C. §1446(d), as amended, that on the 19th day of June, 2015, State Auto Property And Casualty Insurance Company, improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies, Defendant, in the above-styled action instituted by Plaintiffs in the District Court of Jim Wells County, Texas, 79th Judicial District, duly filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, a Notice of Removal of this action to said District Court. A copy of the said Notice of Removal is attached to this Notice as Exhibit "A".

Your attention is called to the fact that under the provisions of the Federal Judicial Code, the above-styled action has been removed to the aforesaid Federal District Court and that no further proceedings in the action can be had in the District Court of Jim Wells County, Texas, 79th Judicial District.

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ROEL VALADEZ AND DARLETT VALADEZ** | § | |
| ***Plaintiffs*** | § | |
| **v.** | § | **CIVIL ACTION NO.** 2:15-CV-278 |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY D/B/A STATE AUTO INSURANCE COMPANIES** | § | |
| ***Defendant*** | § | |

**LIST OF COUNSEL OF RECORD PURSUANT TO LOCAL RULE LR81**

Counsel for Plaintiffs Roel Valadez and Darlett Valadez:

**MICHAEL S. CARNAHAN**
Carnahan Thomas
1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
(817) 424-1003 (fax)

Counsel for Defendant State Auto Property and Casualty Insurance Company improperly named as State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies:

**CHARLES B. MITCHELL, JR.**
Naman, Howell, Smith & Lee, PLLC
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: 817.509-2040
Facsimile: 817.509-2060
E-mail: charles.mitchell@namanhowell.com

Respectfully submitted this 19th day of June, 2015.

/s/ Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
Attorney-in-charge
State Bar No. 14207000
Federal ID No.: 16627
Naman, Howell, Smith & Lee, PLLC
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: 817.509-2040
Facsimile: 817.509-2060
E-mail: charles.mitchell@namanhowell.com

**ATTORNEYS FOR DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY IMPROPERLY NAMED AS STATE AUTOMOBILE MUTUAL INSURANCE COMPANY d/b/a STATE AUTO INSURANCE COMPANIES**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served upon counsel of record for Plaintiffs, Michael S. Carnahan, Carnahan Thomas, 1190 North Carroll Avenue, Southlake, Texas 76092, via Certified Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure, on the 19th day of June, 2015.

/s/ Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**

# EXHIBIT "C"

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Roel Valadez and Darlett Valadez

**(b)** County of Residence of First Listed Plaintiff: Jim Wells County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael S. Carnahan, Carnahan Thomas, 1190 N. Carroll Ave. Southlake, Texas 76092 (817) 424-1001

## DEFENDANTS

State Auto Property & Casualty Insurance Company improperly named State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies

County of Residence of First Listed Defendant: Franklin County, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Charles B. Mitchell, Jr., Naman, Howell, Smith & Lee, PLLC, 306 West 7th Street, Suite 405, Fort Worth, Texas 76102 (817) 509-2040

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U. S.C. § 1332 and 28 U. S.C. § 1446

Brief description of cause:
Breach of Contract, Violation of the Texas Insurance Code, DTPA, common law bad faith, and common law fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 06/19/2015

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____